```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
JOSEPH MASSARO,

                Petitioner,          MEMORANDUM & ORDER
                                     26-MC-0257(JS)
        -against-

UNITED STATES OF AMERICA,

                Respondent.
-------------------------------X
APPEARANCES
For Petitioner:    Joseph Massaro, Pro Se
                   82 New Mill Road
                   Smithtown, New York  11787

For Respondent:    No Appearance.[1]
```

SEYBERT, District Judge:

Presently before the Court is the pro se motion of Joseph Massaro ("Petitioner" or "Massaro") seeking the expungement of his criminal record (hereafter, the "Expunge Motion"). (See ECF No. 1.) For the reasons that follow, the Expunge Motion is **DISMISSED** for lack of jurisdiction.

[Proceed to the next page.]

---

[1] Because "this Court lacks jurisdiction to grant the relief Petitioner requests," Tonge v. United States, No. 24-MC-2592, 2025 WL 3485194, at *1 (E.D.N.Y. Dec. 4, 2025), in its discretion and to conserve judicial resources, the Court declined to direct the Government to file a response to the instant petition, defined herein as the "Expunge Motion".

BACKGROUND

I.   The Criminal Case

The Court assumes the reader's familiarity with Petitioner's underlying criminal case, Case No. 94-CR-0880, over which Honorable Denis R. Hurley presided (hereinafter, the "Criminal Case").[2]  For convenience, the Court summarily states Petitioner pled guilty to one count of a four-count indictment, i.e., bribery of a public official, in violation of 18 U.S.C. § 201.  (See Criminal Case, June 30, 1995 Judgment, ECF No. 17.) He was sentenced to a term of five years' probation and fined $20,050.  (See id.)  Petitioner satisfied his fine (see id., Notice of Satisfaction, ECF No. 18) and completed his term of probation without incident (see, e.g., Criminal Case, Case Docket, in toto; Expunge Motion at 1.)

II.   The Instant Motion

In an undated letter, received by and filed with the Clerk of Court on January 22, 2026, Massaro moves for the expungement of his Criminal Case.[3]  (See Expunge Motion.)  In doing

---

[2]   Judge Hurley has since retired from the bench.

[3]   Courts within the Second Circuit "treat the terms 'seal' and 'expunge' interchangeably and apply the same standard when deciding motions to seal or motions to expunge criminal records." Melvin v. United States, No. 18-MC-3359, 2019 WL 5394646, at *1 n.1 (E.D.N.Y. Oct. 21, 2019); see also Ali v. United States, No. 13-MC-0342, 2013 WL 4048498, at *1 n.1 (E.D.N.Y. Aug. 9, 2013) (explaining the terms "expunge" and "seal" "have been used interchangeably when a request to seal or expunge is made" and

so, Massaro explains, among other things, he has: (a) accepted responsibility for his crime; (b) proceeded to "live[] as a law-abiding citizen, husband, father, and contributing member of [his] community" for more than 30 years; (c) rebuilt and ran an honest and successful business; (d) "dedicated time, resources, and financial support to helping others"; and (e) raised three sons, each of whom completed college and is a productive, successful adult. (Id.) Massaro seeks expungement to remove the cloud of his conviction and provide him with "personal closure", since said conviction has impeded his dignity and peace-of-mind. (Id.)

## DISCUSSION

As an initial matter, because Petitioner's submission was filed pro se, the Court has liberally construed it "'to raise the strongest arguments that they suggest.'" Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). However, this does not excuse Petitioner "'from compl[ying] with relevant rules of procedural and substantive law'. . . ." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (quoting Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981)).

---

that "[m]otions to seal or expunge criminal records apply the same stringent standard" (citations omitted)).

I.  Legal Standard

"Federal courts . . . are courts of limited jurisdiction." Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001). Except in limited circumstances provided for by statute, district courts lack subject matter jurisdiction to expunge valid convictions and cannot exercise ancillary jurisdiction to do so. See Doe v. United States, 833 F.3d 192, 196-97 (2d Cir. 2016) (holding district courts lack subject-matter and ancillary jurisdiction to grant motions to expunge criminal convictions years after the conviction occurred when Congress has not specifically legislated that remedy) (collecting cases dismissing motions to expunge for lack of jurisdiction); see also Lee v. United States, No. 22-MC-2137, 2024 WL 3535436, at *2 (E.D.N.Y. July 25, 2024) (dismissing motion to expunge for lack of jurisdiction); Johnson v. United States, No. 21-MC-0788, 2021 WL 2827350, at *3 (E.D.N.Y. July 7, 2021) (same); Cicero v. United States, No. 19-MC-1143, 2021 WL 2075715, at *1 and n.3 (E.D.N.Y. May 24, 2021) (same); cf. United States v. Schnitzer, 567 F.2d 536 (2d Cir. 1977) (holding "[a] court, sitting in a criminal proceeding, has ancillary jurisdiction to issue protective orders regarding dissemination of arrest records" (emphasis added)); Doe, 833 F.3d at 197 ("We therefore conclude that Schnitzer is confined to the expungement of arrest records following a district court's order of dismissal . . . .").

Further, "the Supreme Court instruct[s] that ancillary jurisdiction may be exercised 'for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees.'" Doe, 833 F.3d at 198 (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 379-80 (1994)). Since expungement of a criminal record premised solely upon equitable grounds does not satisfy either of these purposes, a district court is without a basis to exercise its ancillary jurisdiction to expunge the record of a valid conviction. See id. (citations omitted); see also Johnson, 2021 WL 2827350, at *3 (finding court lacked jurisdiction to consider expungement petition where underlying conviction was valid and there was no statutory exception that would confer jurisdiction upon the court to permit consideration of the petition); Cicero, 2021 WL 2075715, at *2 (same) (collecting cases regarding courts lacking ancillary jurisdiction to expunge valid convictions); cf. United States v. Bolera, No. 00-CR-0631, 2021 WL 5232452, at *2 (finding court lacked jurisdiction over request to seal a valid conviction). Indeed, it is well-settled that "[t]he standard in the Second Circuit under which courts may expunge criminal records is stringent" and "[d]ifficulty in obtaining or maintaining

employment because of a criminal record has been held insufficient to warrant expungement." Joefield v. United States, No. 13-MC-367, 2013 WL 3972650, at *3 (E.D.N.Y. Aug. 5, 2013) (collecting cases). Similarly, the Second Circuit has expressly rejected "[e]xpungement of a criminal record solely on equitable grounds, such as to reward a defendant's rehabilitation and commendable post-conviction conduct." Doe, 833 F.3d at 198; see also id. at 199.

II. Application

Here, Petitioner does not satisfy the one statutory exception permitting expungement or sealing, i.e., 18 U.S.C. § 3607(c). See United States v. Buonagura, No. 98-CR-0747, 2025 WL 880478, at *1 n.1 (S.D.N.Y. Mar. 21, 2025) (noting, apart from 18 U.S.C. § 3607, there are "no other Acts of Congress that authorize this Court to expunge or seal [petitioner]'s conviction"). Further, Petitioner's Expunge Motion is devoid of any claims his guilty plea was invalid or coerced, or that there are extreme circumstances, e.g., his constitutional rights were violated; his arrest was primarily to harass him as a worker; the police misused his criminal records; or the underlying statute of his conviction was later declared unconstitutional, see Joefield, 2013 WL 3972650, at *3 (providing these examples as extreme circumstances), which, if any such claims were present, would

warrant using the Court's ancillary jurisdiction. See Prophete v. United States, No. 10-MC-0811, at *1 (E.D.N.Y. Oct. 20, 2011).

Rather, it is readily apparent Massaro's request is purely equitable in nature, i.e., he seeks expungement to secure "a clean slate" and provide him with peace-of-mind and some sense of closure.  (See Expunge Motion at 1.)  This is insufficient to invoke the Court's ancillary jurisdiction.  See Lee, 2024 WL 3535436, at *3 (finding no basis to exercise ancillary jurisdiction since only reasons sought for expungement were equitable in nature); Johnson, 2021 WL 2827350, at *3 ("[S]ince: (1) Johnson's Criminal Case has long been concluded; (2) his only argument which the Court has been able to glean from his submissions and in support of the Court exercising its ancillary jurisdiction, i.e., that the expungement of Johnson's Criminal Case may somehow facilitate his being awarded veteran-related benefits, is both equitable in nature and factually independent from his Criminal Case; (3) 'expunging a record of conviction on equitable grounds is entirely unnecessary to manage a court's proceedings, vindicate its authority, or effectuate its decrees,' id. (quoting Kokkonen, 511 U.S. at 380) (cleaned up); and, (4) Petitioner has not pointed to, nor has the Court been able to find, any statutory authority permitting the Court to rule upon the Expunge Petition, there is no basis to exercise ancillary jurisdiction in this instance."); Melvin v. United States, No. 18-MC-3359, 2019 WL 5394646, at *2

(E.D.N.Y. Oct. 21, 2019) (dismissing an expungement petition because "petitioner does not challenge the validity of her conviction", "the underlying criminal case concluded almost a decade ago", and petitioner "has not supplied other facts that could distinguish her case from Doe or qualify for the limited exceptions that would allow the [c]ourt to consider the motion"). Thus, while empathetic to Petitioner's plight, this Court is without a basis to exercise ancillary jurisdiction to grant the relief Petitioner seeks.

> If, at some point, Congress chooses to grant federal district courts the discretion to expunge otherwise valid convictions on equitable grounds, individuals like Petitioner may have recourse. But until that time, this Court lacks jurisdiction to expunge or seal h[is] conviction, and h[is] petition must be denied for that reason.

Tonge, 2025 WL 3485194, at *3 (footnote omitted).

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's Expunge Motion (ECF No. 1) is **DISMISSED** for lack of jurisdiction; and **IT IS FURTHER ORDERED** that the Clerk of Court close this case and mail a copy of this Memorandum and Order to the pro se Petitioner at his address of record.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   January 26, 2026
         Central Islip, New York